IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD RAY BAILEY, JR.,**

    Petitioner,

v.                                             Civil Action No. **3:12CV537**
                                             Civil Action No. _____

**D.A. BRAXTON,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition challenging his convictions in the Circuit Court for the City of Norfolk for one count of first degree murder, two counts of malicious wounding, and three counts of use of a firearm in the commission of a felony. *Bailey v. Braxton*, No. 3:12CV537, 2013 WL 4880846, at \*1 (E.D. Va. Sept. 12, 2013). By Memorandum Opinion and Order entered on September 12, 2013, the Court concluded, *inter alia*, that Petitioner's ineffective assistance of counsel claims lacked merit and denied the § 2254 Petition. *Id.* at \*5–7, \*11. On October 31, 2016, Petitioner filed a "Rule 60(b) Motion for Relief." ("Rule 60(b) Motion," ECF No. 40.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Here, Petitioner's Rule 60(b) Motion seeks to raise new claims of ineffective assistance of counsel or reargue previously rejected claims. Thus, his Rule 60(b) Motion must be construed as an unauthorized, successive 28 U.S.C. § 2254 petition. *Id.*; *see Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).[1] Accordingly, the Court must treat the Rule 60(b) Motion as a successive § 2254 petition.

---

[1] Petitioner argues that he is merely using Rule 60(b) to vacate the procedural default ruling regarding his ineffective assistance of counsel claims. (Rule 60(b) Mot. 14.) This argument is not persuasive. In denying Petitioner's § 2254 Petition, the Court did not find any of Petitioner's ineffective assistance of counsel claims defaulted; the Court denied his ineffective assistance of counsel claims on the merits.

2

The Clerk will be directed to assign a civil action number to the Rule 60(b) Motion (ECF No. 40). The Court has not received authorization from the Fourth Circuit to file a successive § 2254 petition. Therefore, the action will be DISMISSED for want of jurisdiction. The Court will DENY a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 6/1/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge